# CURRENT OHIO COURT of APPEALS CASES

## Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
#### Published only in the Abstract

No. 151

**COOPERRIDER et v. REALTY SER. CO.**

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1385. Decided Nov. 30, 1925

1167. TENDER—In an action to set aside a deed to property after grantee has executed a mortgage thereon; and paid part of proceeds of said mortgage to discharge a previous encumbrance and paid balance to grantor, not necessary for grantor to tender to grantee the amount received by him where the property is taken back by grantor subject to such mortgage.

ALLREAD, J.

Upon a contract whereby The Realty Service Corporation deeded to E. C. Cooperrider certain property in the city of Columbus in exchange for a farm property supposedly owned by Cooperrider, the Realty Co. brought an action in the Franklin Common Pleas to set aside said deed owing to the failure of Cooperrider to execute his part of the contract.

Cooperrider claimed that the property involved was sold by him to one David Bonowitz. Supplemental petition whereby said David Bonowitz was made party defendant was answered by him, claiming the benefits of a purchaser in good faith and also alleging that the Realty Co. had made no tender back of the consideration received in the said exchange.

The Common Pleas found in favor of the Realty Co. Error was prosecuted, and the Court of Appeals held:

1. Evidence tends to show that Cooperrider, after acquisition of said city property, mortgaged same for $5000, all of which, except $785 was expended to discharge certain encumbrances on the city property. The unexpended $785 was paid over to the Realty Co.

2. Inasmuch as the Realty Co. is compelled to take back the property subject to the $5000 mortgage, and as said mortgage was executed to discharge a previous encumbrance, there is nothing to tender back to the said Cooperrider.

3. Upon consideration of the question as to whether or not Bonowitz is a bona purchaser without notice the court upholds the opinion of the court below.

Judgment affirmed.

Attorneys—Henry G. Binns and James K. Stevenson for Bonowitz; Carl Tressener for Cooperrider; and Beatty, Houck, Meyer & Sillman for Company; all of Columbus.